## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AARON ROJAS d/b/a/ | ) | |
| AMATICK STARS, CONSTRUCTION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-2040-HLT-KGG |
| | ) | |
| BUILDFORCE CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER ON MOTION FOR ORDER TO SHOW CAUSE

Plaintiff Aaron Rojas brings this action against Defendant Buildforce Construction, LLC asserting claims for breach of contract and unjust enrichment arising from a subcontractor relationship between the two parties.  (Doc. 4, at 1-2). The instant motion (Doc. 48) arises from Plaintiff's repeated failure to comply with Defendant's discovery requests and this Court's Order.  (*See generally* Doc. 41).

At issue are seven requests that Defendant maintains Plaintiff has failed to provide a response to:

### Second Request for Production

Request 20: Copies of your workers' compensation insurance policy(ies) for January 1, 2018 through present.

Request 21: Copies of your commercial general liability insurance policy(ies) for January 1, 2018 through present.

Request 26: All documents and correspondence reflecting the citizenship status and authority to work of [redacted].

Request 31: All documents and correspondence regarding or reflecting any cash payments you made to any workers or employees from January 1, 2018 to present.

Request 34: All written contracts for construction worked signed by Aaron Rojas, Aaron Jorge Rojas, Jorge Gonzalez, Aaron Jorge Gonzalez, and Candelaria Gonzalez, either doing business as Amatick Stars Construction or otherwise, from January 1, 2018 to present.

* * * *

### Third Requests for Production

Request 39: Copies of all timesheets for work performed by Plaintiff and/or Plaintiff's contractors or sub-contractors who worked on other jobs or other work, besides Buildforce, between January 1, 2020 to December 31, 2020.

Request 43:  All form 1099's you issued for the year 2020.

(Doc. 48, Exhs. A, B.)

Plaintiff did not produce all requested documents to Defendant in his response on November 28, 2022.  The issue was raised at a telephone conference with Judge Gale on December 2, 2022.  Following the telephone conference, the Court entered an Order which provided the following:

Second Requests for Production.

2

1. With regard to Requests 20 and 21, **plaintiff will produce the requested policies on or before Friday, December 30, 2022**.

2. With regard to Request 26, requesting documents and correspondence reflecting the citizenship status and authority to work of certain individuals, **plaintiff will produce the requested documentation on or before Friday, December 30, 2022 and shall additionally produce an amended response to the request which clearly indicates whether plaintiff has such documentation or not**.

3. With regard to Request 31, **plaintiff shall produce any responsive documentation on or before Friday, December 30, 2022 and shall additionally produce an amended response to the request which clearly indicates whether plaintiff has such documentation or not**.

4. With regard to Request 34, **plaintiff shall produce any responsive documentation on or before Friday, December 30, 2022 and shall additionally produce an amended response to the request which clearly indicates whether plaintiff has such documentation or not**.

Third Requests for Production.

5. With regard to Request 39, **plaintiff shall produce any responsive documentation on or before Friday, December 30, 2022 and shall additionally produce an amended response to the request which clearly indicates whether plaintiff has such documentation or not**.

6. With regard to Request 43, **plaintiff shall produce any responsive documentation on or before Friday, December 30, 2022 and shall additionally produce an**

> **amended response to the request which clearly**
> **indicates whether plaintiff has such documentation or**
> **not**.

(Doc. 41 (emphasis added).)  As indicated, as to all but one of the discovery requests, <u>Plaintiff was unequivocally ordered by the Court to indicate via amended discovery response whether or not he possessed the requested documentation</u>.

As of the filing of the present motion, Plaintiff had not complied with the Order and Defendant had not received the discovery responses from Plaintiff. Plaintiff does not deny that he failed to fully comply with the Court's prior discovery Order or attempt to provide a reasonable explanation for failing to do so. Responses were ultimately forthcoming when Plaintiff responded to the motion to show cause.  (Doc. 51, at 1.)

## ANALYSIS

**A.**    **Legal Standard**

Fed. R. Civ. P. 37(b) provides, in pertinent part, that:

> (A) [I]f a party … fails to obey an order to provide or
> permit discovery, including an order under Rule 26(f),
> 35, or 37(a), the court where the action is pending may
> issue further just orders. They may include the following:
>
> * * *
>
> (vii) treating as contempt of court the failure to obey any
> order except an order to submit to a physical or mental
> examination.
>
> * * *

4

> (C) Instead of or in addition to the orders above, the court
> must order the disobedient party, the attorney advising
> that party, or both to pay the reasonable expenses,
> including attorney's fees, caused by failure, unless the
> failure was substantially justified or other circumstances
> make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)-(C).  If a party fails to comply with discovery requests,

then the court may issue further just orders.  ***Duarte v. PPG Indus., Inc.***, No. 09-

1366-JTM, 2011 WL 1097799, at *1 (D. Kan. 2011).  Simply put, a party must

comply with the discovery process to avoid sanctions.  ***Weichert v. E-Finance***

***Call Center Support, LLC,*** No. 13-2493-KHV-KGG, 2014 WL 6388422, at *2 (D.

Kan. 2014) (holding that the Court's imposition of attorney's fees was reasonable

and mandatory under Fed. R. Civ. P. 37).

**B.      Application of Legal Standard to Facts.**

Defendant requests that that the Court hold Plaintiff in contempt and award

attorney fees because Plaintiff failed to furnish all documents ordered to be

provided relevant to Defendant's requests.  (Doc. 48, at 2).  Defendant contends

that Plaintiff's failure to disclose is unfair because it "leave[s] open the potential

that Plaintiff could attempt to inject documentation and evidence into this case

after discovery has closed … ."  (*Id.*)

Plaintiff responds that he should not be held in contempt because "[a]ll

responsive documents not already produced were agreed to be produced and were

[produced] … by the December 30, 2022, deadline." (Doc. 51, at 1).  Plaintiff contends that the omission of certain documents "is not a proper basis upon which to hold plaintiff in contempt." (*Id.*)  Furthermore, Plaintiff asserts that outside factors contributed to his failure to timely produce the discovery requests by the deadline. (*Id.*, at 4).

Defendant replies that Plaintiff provided the requested discovery on February 21, 2023, nearly two months after the December 30, 2022 deadline. (Doc. 53, at 1).  Defendant asserts that it "did not definitively know," prior to the February 21st disclosure, "that Plaintiff did not have or could not locate any further documents responsive to the discovery requests at issue." (*Id.*, at 2).  Because of Plaintiff's failure to communicate, Defendant states that it was forced to take several actions to obtain a response from Plaintiff, including preparing an Order for the Court, issuing "Golden Rule" correspondence, prepare and participate in a discovery conference with the Court, and draft briefing in support of the Motion to Show Cause. (*Id.*)

The record demonstrates that Plaintiff failed to comply with discovery orders.  Plaintiff was ordered to provide all responsive documents to Defendant's Requests for Production by December 30, 2022, or indicate via amended discovery response whether or not he possessed the requested documentation. (*See generally* Doc. 41).  Plaintiff failed to do so by the deadline.  Plaintiff has not demonstrated

that his failure to comply with the Agreed Order was in good faith or substantially

justified.  Defendant's motion (Doc. 48) is **GRANTED**.

## C.      Relief Requested.

Defendant requests the following relief from the Court as sanctions based on

Plaintiff's failure to comply with the discovery Order:

> a.      For a ruling that Plaintiff himself is not legally in the United States or legally authorized to work in the United States;
>
> b.      For a ruling that Plaintiff may not produce any further documents or evidence on the issue of legality, or in response to Requests for Production 26, 31, 34, 39, and 43.
>
> c.      For [Defendant's] attorney fees expended in: 1) pursuing the initial discovery after Plaintiff's initial failure to properly respond with "Golden Rule" correspondence; 2) requesting, preparing for, and participating in the conference on December 12, 2022; 3) preparing the Order signed by the Court on December 12, 2022 (Doc. 41); 4) various correspondence with plaintiff's counsel reminding him of his obligations under this Court's Order; 5) preparing for and pursuing relief under this Motion.  All of this is approximately $1,200.00 (4 hours x $300/hr).

(Doc. 48, at 4.)

As discussed in the preceding section, the undersigned Magistrate Judge

finds that Plaintiff did not comply with the Court's discovery Order (Doc. 41) by

failing to provide an amended discovery response clearly indicating whether or not

Plaintiff has the requested documentation.  The Court enters sanctions pursuant to Fed.R.Civ.P. 37(b)(2) for this noncompliance.

The Court awards Defendant the relief requested in subsection c. and **ORDERS** that Plaintiff's counsel pay the amount of attorneys fees requested therein ($1,200).  The Court also **ORDERS** that Plaintiff may not produce any further documents or evidence on the issue of legality, or in response to Requests for Production 26, 31, 34, 39, and 43, as requested by Defendant in subsection b. The Court declines to order the relief requested in subsection a., which is beyond what is necessary to remedy noncompliance.


**IT IS THEREFORE ORDERED** that Defendant shall submit to the Court an application for attorney fees by no later than two weeks from the date of this Order.  The parties shall follow the procedure in D. Kan. Rule 54.2, including the consultation requirement in Rule 54.2(a).

**IT IS SO ORDERED.**

Dated this 29th day of March, 2023, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE